UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMANUEL BLANGO,<br>    *Plaintiff*, | )    3:23-CV-212 (SVN)<br>)<br>) |
| v. | )<br>) |
| WILLIAM LUDOVICO, JR., JENNIFER<br>MEDINA ZACCAGNINI,<br>CONNECTION, INC., COURTNEY<br>RING, CAITLIN HIRSCH, *and*<br>BRIANNA WISNIEWSKI, | )<br>)<br>)<br>)<br>) |
|     *Defendants*. | )    March 7, 2024<br>) |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Sarala V. Nagala, United States District Judge.

On January 29, 2024, the Court issued a ruling granting in part and denying in part the State Defendants' and Connection Defendants' motions to dismiss, and granting in part and denying in part Plaintiff's motion for leave to file a second amended complaint. *Blango v. Ludovico*, No. 3:23-cv-212 (SVN), 2024 WL 326773 (D. Conn. Jan. 29, 2024). Plaintiff moves for reconsideration of the Court's dismissal of Plaintiff's false imprisonment claim against the Connection Defendants under Local Civil Rule 7(c). Pl.'s Mot. Recons., ECF No. 66. For the following reasons, Plaintiff's motion for reconsideration is GRANTED.

**I.    LEGAL STANDARD**

Local Rule 7(c)1 provides that a party may file a motion for reconsideration within seven days of the filing of a decision or order by the Court "setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civ. R. 7(c)1. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration is warranted "only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc., v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

## II. DISCUSSION

In the Court's ruling on Defendants' motions to dismiss, the Court found that Connecticut probation officer William Ludovico, Jr., was entitled to absolute immunity on Plaintiff's false imprisonment claim under Conn. Gen. Stat. § 4-165. *Blango*, 2024 WL 326773, at *12. The Court found that Plaintiff did not plausibly allege that Ludovico acted in at least a reckless manner because Ludovico had placed Plaintiff at the January Center in reliance on a decision of the Connecticut Supreme Court, *State v. Imperiale*, 337 Conn. 694 (2021), which had held that the January Center was not the equivalent of continued confinement. *Id.*

The Court also dismissed the false imprisonment claim against all Connection Defendants because "Plaintiff has not adequately pleaded that the Connection Defendants acted recklessly, for similar reasons it concluded that Ludovico has not acted recklessly." *Id.* at *18. The Court reasoned that the Connecticut Supreme Court's decision in *Imperiale* was "relevant to the Connection Defendants' state of mind." *Id.* In light of the Connecticut Supreme Court's holding

2

that the January Center did not constitute confinement, the Court was "hard-pressed" to find that the Connection Defendants intended the result of Plaintiff's confinement within fixed boundaries when they communicated to him that he would be arrested should he leave the January Center without permission. *Id.*

Plaintiff seeks reconsideration of the Court's dismissal of the false imprisonment claim against the Connection Defendants—who did not raise an immunity defense—contending that merely negligent conduct can give rise to a false imprisonment claim, without allegations of recklessness, if the defendants also acted with intent to keep Plaintiff confined within fixed boundaries. ECF No. 66 at 4. Plaintiff argues that controlling Connecticut authority requires the Court to analyze if the Amended Complaint stated a claim for false imprisonment under this framework, and that reconsideration is warranted on this issue because the Court did not do so in its opinion. *Id.* The Court agrees with Plaintiff that it erred in this respect.

"To prevail on a claim of false imprisonment, the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, he did not consent to the restraint or acquiesce in it willingly." *Nodoushani v. S. Conn. State. Univ.*, 152 Conn. App. 84, 92–93 (2014). In addition, the plaintiff must prove that the defendant acted with the requisite intent in imposing that restraint. Specifically, "[a] person is not liable for false imprisonment unless his act is done for the purpose of imposing confinement, or with the knowledge that such confinement will, to a substantial certainty, result from it." *Rivera v. Double A Transp., Inc.*, 248 Conn. 21, 31 (1999) (quoting 32 Am. Jur. 2d, False Imprisonment § 9).

The Connecticut Supreme Court has explained, as Plaintiff argues, that negligent conduct may give rise to a false imprisonment claim, provided that the defendant also knows that confinement will, to a substantial certainty, result from his actions. *Green v. Donroe*, 186 Conn.

3

265, 269 (1982). For example, if a bank dishonors a plaintiff's check on the mistaken belief that it is forged or altered, that is only negligent conduct. If the bank also then reports the plaintiff to the police, knowing that the plaintiff will almost certainly be arrested (and therefore confined within fixed boundaries against his or her consent), then the bank may be liable for false imprisonment even if it was only negligent in its initial assessment. *Id.* at 271 (citing *Weaver v. Bank of Am. Nat'l Trust & Savings Ass'n*, 59 Cal. 3d 428 (1963)). While *Green* discusses recklessness, it does so in the context of the *mens rea* element of a false imprisonment claim:

> In the context of false imprisonment the label of 'reckless' fairly characterizes a state of mind amounting to knowledge that confinement is substantially certain to result from the wrongful conduct but not attaining the proportions of an actual intention to bring it about. Nothing less than this rather extreme brand of recklessness will substitute for the standard requirement of intention in false imprisonment cases.

*Green*, 186 Conn. at 269.

Upon further reflection, the Court incorrectly conflated the recklessness standard under Conn. Gen. Stat. § 4-165, upon which a state employee or officer is deprived of statutory immunity, with the intent sufficient to plausibly allege a false imprisonment claim. All that is required is an intent to confine an individual within fixed boundaries. Whether a defendant was mistaken in forming the belief that the confinement would have been authorized is somewhat beside the point, if the defendant had an intent to confine the plaintiff. For this reason, *Green* holds that negligent conduct can support the intentional tort of false imprisonment, if the defendant also knows or acts with reckless disregard of the fact that confinement is very likely to result from his actions. The Court therefore should have considered whether the amended complaint plausibly alleged that Connection Defendants engaged in any conduct with either the purpose of confining Plaintiff or with knowledge or reckless disregard that his confinement—which need not necessarily occur in a carceral setting—was almost certain to result. *Rivera*, 248 Conn. at 31.

In opposition, the Connection Defendants do not address whether, as Plaintiff claims, the Court conflated the intent requirement for a false imprisonment claim with the standard applicable under Conn. Gen. Stat. § 4-165.  The Connection Defendants now simply claim that their conduct is protected by Conn. Gen. Stat. § 4-165, and so the Court's decision dismissing the claim should stand.  This is an entirely new argument not properly raised on a motion for reconsideration.  By advancing only this new argument, the Connection Defendants implicitly concede that Plaintiff's only argument for reconsideration has merit.

### III.  CONCLUSION

For the reasons explained in this Ruling, Plaintiff's motion for reconsideration is GRANTED.  The prior ruling on Defendants' motion to dismiss is vacated.  An amended ruling on Defendants' motion to dismiss will issue shortly.  Following docketing of the amended ruling, the Clerk of Court shall conform the caption to the amended ruling, reinstating Defendants Ring, Hirsch, and Wisniewski as Defendants in this action.

**SO ORDERED** at Hartford, Connecticut, this 7th day of March, 2024.

                                              /s/ Sarala V. Nagala
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE